IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ANTHONY J. TERRY, | |
| Petitioner, | CIVIL ACTION NO.: 2:21-cv-128 |
| v. | |
| WARDEN, FCI JESUP, | |
| Respondent. | |

**ORDER AND REPORT AND RECOMMENDATION**

Petitioner Anthony Terry ("Terry"), who is currently housed at the Federal Correctional Institution-Satellite Low in Jesup, Georgia, submitted a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Terry's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Terry *in forma pauperis* status on appeal.[1] Terry

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Terry his suit is due to be dismissed. As indicated below, Terry will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

also filed a Motion to Expedite Schedule, which the Court **GRANTS**, to the extent this Report and Recommendation is being issued.

## BACKGROUND

Terry was convicted after pleading guilty to possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and possession of a firearm in relation to a drug trafficking crime.  J., United States v. Terry, 3:10-cr-17 (M.D. Fla. Jan. 11, 2012) ("Crim. Case"), ECF No. 191.  Terry was sentenced to 198 months in prison, which is comprised of 138 months on the possession count and 60 months on the firearm count, to be served consecutively.  Id.

Terry filed a direct appeal with the Eleventh Circuit Court of Appeals and asserted the trial court erred by finding his prior Florida conviction for lewd and lascivious battery on a minor is a crime of violence to support his career offender enhancement.  Id. at ECF No. 237.  The Eleventh Circuit rejected this argument and affirmed Terry's sentence.  Id.

Terry filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the Middle District of Florida.  He again argued, as relevant here, his sentence was improperly enhanced under the career offender provision based on his Florida lewd and lascivious battery conviction.  Id. at ECF No. 242.  The Middle District of Florida court denied Terry's § 2255 motion.  Id. at ECF No. 271.  That court also denied Terry's motion for compassionate release or home confinement.  Id. at ECF No. 281.  On August 24, 2021, the Eleventh Circuit denied Terry's application for leave to file a second or successive § 2255 motion, specifically finding Borden v. United States, 141 S. Ct. 1817 (2021),[2] did not announce a new rule of constitutional law.  Id. at ECF No. 293.

---

[2]  In Borden v. United States, the Supreme Court held a criminal offense requiring only a mens rea of recklessness cannot count as a "violent felony" under the elements clause of the Armed Career

2

In his § 2241 Petition, Terry contends the career offender designation was improperly used to enhance his sentence.  Doc. 1 at 2.  Terry states <u>Borden</u> announced a new rule of substantive law, which is to be applied retroactively to cases on collateral review, as only a mens rea element can qualify a defendant's prior convictions for career offender status.  <u>Id.</u> at 6, 7.

**DISCUSSION**

**I.      Whether This Court Has Jurisdiction Over Terry's § 2255 Motion**

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); <u>Young v. FCI Miami Warden</u>, 805 F. App'x 829, 831 (11th Cir. 2020) (quoting <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003)).  A panel of the court of appeals must certify the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Without this authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  <u>Burcks v. United States</u>, 842 F. App'x 500, 502 (11th Cir. 2021) (citing <u>Farris</u>, 333 F.3d at 1216).

---

Criminal Act ("ACCA").  141 S. Ct. 1817, 1825 (2021).  Borden pleaded guilty to an 18 U.S.C. § 922(g)(1) charge, and the government sought to enhance his sentence under the ACCA based on a reckless aggravated assault under Tennessee law.  This is defined under Tennessee law as "'[r]ecklessly commit[ting] an assault' and either 'caus[ing] serious bodily injury to another' or 'us[ing] or display[ing] a deadly weapon.'"  <u>Id.</u> at 1817 (quoting Tenn. Code Ann. § 39-13-102(a)(2) (2003), § 39-13-101(a)(1)).  The Court found reckless conduct is not aimed in the manner prescribed by "against another" when modifying "use of force" under the ACCA.  Treating reckless offenses as violent felonies would impose larger sentencing enhancements on individuals far from the armed career criminals the ACCA addresses—"the kind of offenders who, when armed, could well 'use [the] gun deliberately to harm a victim.'"  <u>Id.</u> (citation omitted).

Here, Terry has filed a § 2255 motion on a previous occasion and was unsuccessful. While Terry did seek authorization from the Eleventh Circuit to file a second or successive § 2255 motion, that court denied his application; thus, this Court is without jurisdiction to entertain Terry's § 2255 Motion, to the extent Terry's Motion could be docketed as a § 2255 Motion, and should dismiss the Motion.

**II.    Whether Terry Can Proceed Under § 2241**

Terry's Petition should be dismissed because it is an attack on his federal sentence that can only be made in compliance with § 2255, and Terry has not satisfied the requirements of § 2255. His Petition is barred and should be dismissed.

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013), *abrogation on other grounds recognized by* United States v. Hill, 799 F.3d. 1318, 1321 n.1 (11th Cir. 2015). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show the remedy afforded under § 2255 is "inadequate or ineffective." Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden,

4

U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

> Section 2255(e) provides:
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U. S. C. § 2255(e) (emphasis added). The above-emphasized portion of § 2255(e) is referred to as the "saving clause." "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause. McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim." Id. at 1086. To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate. In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy." Id. at 1086–87. In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255. If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241. To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not

5

ineffective unless the procedure it provides is incapable of adjudicating the claim." Id. at 1088. Whether the petitioner is entitled to relief under § 2255 is not relevant to the McCarthan test. Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief." Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Terry does not present any of those circumstances through his instant Petition.[3] Terry is clearly challenging his sentence, which he freely admits. Doc. 1. This is the type of claim and requested relief § 2255 encompasses. It is clear Terry is not attacking the manner in which his sentence is being executed but his conviction and sentence themselves. He would have been permitted to bring this type of claim in a motion to vacate, and § 2255 provided Terry with an adequate procedure to test his claim. In fact, Terry already filed a § 2255 motion with the sentencing court.

Further, Terry's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief. See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy."). Thus, the fact Terry faces a bar against a second or successive § 2255 motion or a statute of limitations bar to bringing a § 2255

---

[3] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts. McCarthan, 851 F.3d at 1092–93. However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted). It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255 court got it wrong. Id. at 1086, 1090. The Court recognizes Terry's contention the issue he raises in his § 2241 Petition cannot be reached under § 2255 because Borden announced a new substantive rule. Doc. 1 at 4. However, the Eleventh Circuit rejected this argument when denying Terry's application for leave to file a second or successive § 2255 motion. Crim. Case, ECF No. 293. In addition, Terry's reliance on United States v. Ash, 7 F.4th 962 (10th Cir. 2021), is misplaced. 7 F.4th at 963 (finding Kansas' reckless aggravated battery is not a crime of violence but declining to consider whether Missouri's second-degree robbery is a crime of violence).

motion does not itself render a § 2255 motion inadequate or ineffective.  Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011), *overruled on other grounds by* McCarthan, 851 F.3d at 1076 (11th Cir. 2017).

Section 2255 provided Terry an "adequate procedure" to test his conviction and sentence before the sentencing court.  In fact, Terry used the § 2255 mechanism in the District of conviction and was not successful.  Consequently, Terry cannot show § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim in a petition for a writ of habeas corpus."  McCarthan, 851 F.3d at 1099–1100.  Because Terry cannot satisfy the saving clause, his claim is procedurally barred, and the Court cannot reach the merits of his arguments in his Petition.

### III.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Terry leave to appeal *in forma pauperis*.  Though Terry has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus,

a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Terry's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Terry *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **DISMISS** Terry's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Terry *in forma pauperis* status on appeal.  I **GRANT** Terry's Motion to Expedite.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed

findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 1st day of June, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA