# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| ANTHONY J. TERRY, | * | |
| Petitioner, | * | CIVIL ACTION NO.: 2:21-cv-128 |
| v. | * | |
| WARDEN, FCI JESUP, | * | |
| Respondent. | * | |

## ORDER

After an independent and de novo review of the entire record, the Court concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 5. Petitioner Anthony Terry ("Terry") filed Objections to the Report and Recommendation. Dkt. No. 6.

In his Objections, Terry asserts the United States Supreme Court granted certiorari in Jones v. Hendrix, No. 21-847 (May 16, 2022), which presents an issue "nearly identical" to that he raises in his Petition—whether an inmate may challenge his conviction via a 28 U.S.C. § 2241 petition on the ground the statute of conviction did not criminalize his activity after the Supreme Court decides Circuit precedent is incorrect. Id. at 1. Terry asks this Court to stay his proceedings rather than dismiss his Petition until the Supreme Court decides Jones.

The Court denies Terry's request to stay the proceedings in this case.  While it may be the Supreme Court will reverse the Eighth Circuit Court of Appeals' decision (the court which decided Jones on appeal, 8 F.4th 683 (8th Cir. 2021)), the state of the law in this Circuit is the same as that in the Eighth Circuit.[1]  A petitioner seeking to file a second or successive 28 U.S.C. § 2255 motion, which Terry has attempted, must receive permission from the appropriate Circuit Court of Appeals under 28 U.S.C. § 2255(h) to do so.  The Eleventh Circuit determined Terry failed to meet either prong of § 2255(h) and, thus, denied Terry's application.  Dkt. No. 5 at 2.  Accordingly, the Magistrate Judge correctly determined this Court lacks jurisdiction to entertain the relative merits of Terry's unauthorized motion.  Id. at 3-4.  The Magistrate Judge also correctly determined Terry did not meet § 2255's saving clause and could not proceed under § 2241 as a result.  Id. at 4-7.  Terry's Objections are not meritorious at this time.

Accordingly, the Court **OVERRULES** Terry's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court.  The Court **DISMISSES** Terry's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus, **DIRECTS** the Clerk of

---

[1]  The Supreme Court granted certiorari just two weeks before the Magistrate Judge issued his Report and Recommendation.  It is unknown when the Supreme Court will issue a ruling in Jones or whether the Court will overturn Eighth Circuit, and by extension, Eleventh Circuit, precedent.

2

Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENIES** Terry *in forma pauperis* status on appeal.

**SO ORDERED**, this 21 day of June, 2022.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)